MARC A. KARLIN, ESQ. Cal. SBN 137558
**KARLIN & KARLIN**
A Professional Law Corporation
3701 Wilshire Boulevard, Suite 1035
Los Angeles, California 90010
Telephone: (213) 365-1555
Facsimile: (213) 383-1166
E-mail: mkarlin@karlaw.com

*ATTORNEYS FOR PLAINTIFF
DEBRA JEAN JONES*

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DEBRA JEAN JONES, | CASE NO.: **'14CV2327 LAB MDD** |
| Plaintiff, | |
| vs. | **COMPLAINT FOR DAMAGES FOR NEGLIGENCE/MEDICAL MALPRACTICE** |
| UNITED STATES OF AMERICA, | |
| Defendant. | |

COMES NOW Plaintiff Debra Jean Jones, who alleges the following:

## JURISDICTION

1. This action arises under the Federal Tort Claims Act, 28 U.S.C. Section 2671, *et seq.* This Court is vested with jurisdiction pursuant to 28 U.S.C. Section 1346(B). The matter in controversy exceeds, exclusive of interest and costs, the sum of $75,000.00.

—1—

2. On or about May 7, 2014, Plaintiff Debra Jean Jones filed a claim for damage, injury, or death on Standard Form 95 to the United States of America and its agency, the U.S. Department of Health & Human Services for the sum total of $10,000,000.00.

3. On September 15, 2014, the United States of America, through the U.S. Department of Health & Human Services, denied Plaintiff's claim. Accordingly, pursuant to 18 U.S.C. Section 2401(b), Plaintiff is authorized to file the instant Complaint for medical malpractice. See also, 28 U.S.C. Section 2675.

4. Previously, on September 11, 2012, Plaintiff initiated a civil action in the Superior Court of California, County of Imperial, Case No.: ECU07275, regarding the acts and omissions complained of herein. Therefore, the provisions of 28 U.S.C. Section 2679(d)(5) are applicable to Plaintiff's claims herein.

5. On or about July 28, 2014, the aforementioned civil complaint filed by Plaintiff on September 11, 2012 in the Superior Court of California was removed to this Court, and given Case No.: 14-cv-01687-BAS (RBB).

6. Plaintiff's prior complaint, 14-cv-01687-BAS (RBB), was dismissed by the Court without prejudice on September 15, 2014.

**PARTIES**

7. Plaintiff Debra Jean Jones is and was at all relevant times herein, a resident of the State of California.

8. On or about July 18, 2014, the United States Attorney for the Southern District of California, through her designate, certified that Carl Luem, M.D., was acting within the scope of employment at Clinicas de Salud del Pueblo at the time of the incident alleged in the instant Complaint, and that pursuant to 42 U.S.C. Section 233(g), Carl Luem, M.D. is deemed to be an employee of the United States for Federal Tort Claims Act purposes for any acts or omissions alleged against him by Plaintiff which occurred on or after January 1, 2011. For purposes of liability, the torts alleged

1 by Plaintiff against Carl Luem, M.D. and Clinicas de Salud del Pueblo are deemed to
2 have been brought against the United States under their provisions of the Federal Tort
3 Claims Act, 28 U.S.C. Section 2671, *et seq.*

## VENUE

6  9.  The acts and omissions complained of herein occurred within the Southern District of California.

## FIRST CAUSE OF ACTION.
## NEGLIGENCE/MEDICAL MALPRACTICE

10. All of the preceding paragraphs are incorporated herein.

11. At all relevant times there existed between Carl Luem, M.D., Clinicas de Salud del Pueblo and Plaintiff the relationship of physician/patient.

12. On or about March 6, 2012, Plaintiff came under the care of Carl Luem, M.D. and others at the Clinicas de Salud del Pueblo.

13. Carl Luem and Clinicas de Salud del Pueblo, and each of them, lacked the necessary knowledge and skill to properly care for Plaintiff's condition, and were negligent and unskillful in diagnosing, treating and operating on said condition.

14. On or about March 6, 2012, while within the care and custody of Carl Luem, M.D., Plaintiff suffered a perforated sigmoid colon causing Plaintiff to suffer the significant injuries and damages herein alleged.

15. Defendants negligently failed to properly perform surgical procedures to Plaintiff and negligently failed to provide adequate medical care and treatment to Plaintiff. As a proximate result of the negligence of Defendants, and each of them, Plaintiff suffered severe bodily and mental injuries.

16. As a proximate result of the negligence of Defendants, and each of them, Plaintiff has sustained injury to her health, strength and activity all of which have

1 caused and continue to cause Plaintiff great mental, physical and nervous pain and
2 suffering.
3     17. As a result of such injuries, Plaintiff has sustained general damages in an
4 as yet unascertained amount. Plaintiff will seek to amend this Complaint to state the
5 true amount when ascertained.
6     18. As a further approximate result of the negligence of Defendants, and each
7 of them, Plaintiff has incurred and will continue to incur medical, hospital and related
8 expenses and loss of income and income potential and the inability to provide
9 household services, all to her special damage in an as yet unascertained amount.
10 Plaintiff will seek to amend this Complaint to state the true amount when ascertained.
11
12     WHEREFORE, Plaintiff prays for judgment as follows:
13     1. General non-economic damages, for pain, suffering and the loss of
14         enjoyment of life, according to proof;
15     2. Economic damages for past and future medical, hospital and related
16         expenses, according to proof;
17     3. Economic damages for the inability to provide household services, loss of
18         earnings and earnings capacity according to proof;
19     4. Costs of suit herein;
20     5. For other such and further relief as the Court may deem proper.
21
22 Date: September 30, 2014

                KARLIN & KARLIN
                A PROFESSIONAL LAW CORP.

                /s/ Marc Karlin
          By: _____
                MARC A. KARLIN
                *Attorneys for Plaintiff*